# United States District Court

### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**ANTONIO NORMAN**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:08-CR-286

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
- ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 31-year-old lifetime resident of Kalamazoo, MI, who is an admitted drug dealer and who has used cocaine for the past dozen years. He recently began experimenting with ecstacy. He has held no meaningful employment in recent years.

Defendant has a lengthy criminal record dating back to the early 1990's when he was convicted of delivery/manufacture of drugs and sent to prison. He was subsequently convicted of interfering with the police (3 occasions), (see next page)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that that no condition or combination of conditions will assure the safety of the community from the defendant's continued drug dealing and other unlawful behavior, based upon the unrebutted presumption. The mere fact that the defendant can live with his brother, where he represented to Pretrial Services he has been living for the past 2 1/2 years while getting into trouble, and his belated interest in getting a G.E.D. and finding employment, or the representation that his wife, (see next page)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 26, 2008

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v.  **ANTONIO NORMAN**
1:08-CR-286
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

malicious destruction of property, OUIL, and delivery and manufacture of narcotics.  As a habitual offender, he was placed on lifetime probation, during which he failed to report on several occasions, failed to provide a drug test as required, failed to report a police contact, and was convicted of driving while license suspended (on at least 4 occasions) and domestic violence.  He was removed from lifetime probation in 2004, when the legislature abolished lifetime probation.

On March 6, 2001, defendant failed to appear for an arraignment.

Since being released from lifetime probation, defendant was subsequently convicted of possession of narcotics less than 25 grams, failed to appear for a conference on January 13, 2006, resulting in a bench warrant being issued, and more recently was found guilty of a violation of a restricted license.

**Part II - Written Statement of Reasons for Detention** - (continued)

whom he does not live with (he apparently lives with a girlfriend who has had four children by him and is pregnant with another), could "supervise him" if he lived in the neighborhood, fails to provide the court with anything to rebut the presumption.